## W. VANCE FRYE v. INA SPINKS CROOKS.

### (Filed 21 November 1962.)

**1. Mortgages §§ 6, 39—**

Where a mortgage and note secured thereby each contain references to the other, the fact that the mortgage specifies no date for payment of the amount secured is not fatal to foreclosure when the note specifies payment within 12 months, and foreclosure some years after the maturity date of the note cannot be upset on the ground that the debt was not then in default.

**2. Abatement and Revival § 4—**

Where defendant pleads a prior action pending between the same parties involving the same subject matter, but offers nothing in support of the plea in abatement, the plea is properly disregarded.

APPEAL by defendant from *Olive, J.,* April, 1962 Term, RANDOLPH Superior Court.

Civil action in ejectment to recover possession of a specifically described lot of land in Asheboro Township, Randolph County, North Carolina.

The plaintiff alleged he became the purchaser of the described premises at a mortgage foreclosure sale held on October 8, 1960, paid the purchase price, received a fee simple deed from the personal representatives of one of the mortgagees who had succeeded to the interest of the other mortgagee. The defendant refused to vacate after due notice.

The defendant, one of the mortgagors, admitted the plaintiff's allegations, except the validity of the sale which she challenged on this ground: "(2) That on the 8th day of October, 1960, the indenture (the mortgage) recorded in Book 582, page 316, was not in default, and is not now in default; and that the administratrices were premature in foreclosing upon the land of the defendant, Ina Spinks Crooks; and that the purported sale of the 8th day of October, 1960 is absolutely void."

The defendant further alleged: "As affirmative defense . . . A. Another action is pending in Randolph County involving the parties to this action and the subject of this action, said action being entitled, 'In the Matter of Sale of Land of Ray Crooks, and Ida Spinks Crooks, Under Foreclosure by Ida A. Rhymer and Lois S. Gurganious, Administratrices of the Estate of Cora Nance Smith, Deceased, Mortgagee.' Docketed as S. P. 472 in Randolph County Superior Court, said cause was instituted by motion; was served on the plaintiff, W. Vance Frye; and that the matters and things alleged in said motion in the cause when adjudicated will answer the matters and things alleged

in plaintiff's complaint; that the defendant, herewith, offers this as a plea in abatement demanding dismissal of plaintiff's cause of action since it involves the same cause of action and same parties as S. P. 472."

The plaintiff introduced the note for $725.00, signed by the defendant and her husband, dated August 26, 1955, due 12 months after date, with interest. The note contained the following: "This note is secured by real estate of even date." The plaintiff introduced the mortgage executed by the defendant and her husband, dated August 26, 1955, conveying the described premises to W. B. Smith and wife, Cora Nance Smith, to have and to hold "upon the express condition that if the said part—of the first part pay, or cause to be paid, to the said party of the second part with interest thereon . . . certain bond bearing even date herewith, . . . then these presents and the said bond shall determine and be void. . . . But in case of the non-payment of the said sum of $725.00 SEVEN HUNDRED AND TWENTY-FIVE DOLLARS . . . . the said parties of the second part, their heirs, executors, administrators, or assigns . . . are . . . empowered to sell and convey the above-described premises, . . . and execute title to the purchaser."

The plaintiff offered plenary evidence of the repeated and continued negotiations between the defendant (after the death of her husband) and the attorney for the administratrices, both before and after the advertisement and before and after the sale, with respect to the defendant's purpose and efforts to pay off the note. At no time prior to the sale, or for a considerable period thereafter, did the defendant raise any question about the note or the mortgage, or the validity of the sale. The attorney withheld the execution of the deed pending the further efforts of the defendant to secure sufficient funds to pay the debt. The plaintiff agreed to transfer his bid to the defendant, or to her nominee, upon the payment of the amount of his bid. The deed was executed only after the defendant's efforts to pay the amount due had been unsuccessful.

Upon completion of the plaintiff's case, the defendant rested without offering evidence. The jury answered the issues of ownership and the right to possession in favor of the plaintiff. The defendant appealed from the judgment on the verdict.

*Ottway Burton, Linwood T. Peoples, for defendant, appellant.*
*No counsel contra.*

HIGGINS, J. The defendant attempted to interpose two defenses to the plaintiff's cause of action: (1) The debt secured by the mortgage

was not in default; consequently the sale was premature, unauthorized, and the plaintiff's deed void. (2) The action should be abated on the ground there is another action pending between the same parties involving the same subject.

The note, dated August 26, 1955, specifically provided for the payment of $725.00 and interest 12 months after date. The note refers to the security "by real estate of even date." The mortgage was not drawn with legal precision and exactness. Nevertheless it is dated August 26, 1955. It conveys to the payees in the note the property specifically described, as security for "certain bond bearing even date herewith. . . . These presents and the said bond shall determine and be void" upon the express condition of payment. "But in case of non-payment of the said sum of $725.00 SEVEN HUNDRED TWENTY-FIVE DOLLARS with interest the parties of the second part, their heirs, executors, administrators, or assigns are empowered to sell at public auction to the highest bidder and to execute title to the purchaser. . . . After applying the proceeds to . . . said debt and interest, rendering the overplus monies, if any, to the said party of the first part . . ."

The cross references in the note and in the mortgage, each to the other, sufficiently show the note was due 12 months after August 26, 1955, and that the mortgage was intended to secure the note. Both the note and the mortgage were under seal, properly executed, and the mortgage properly registered. The defendant's contention the sale was premature is not substantiated by the record.

The other action pending referred to in the defendant's further answer seems to be a motion to set aside the sale. The defendant makes the allegation. She offers nothing to support it. The evidence amply supports the verdict and judgment.

No error.